UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-8792-MWF (SSCx) | Date: December 22, 2025 |
| Title: | Yesica Castro et al v. General Motors, LLC | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFFS' MOTION TO REMAND [13]

Before the Court is Plaintiffs Yesica Castro and Jose Toledo's Motion to Remand (the "Motion"), filed October 10, 2025. (Docket No. 13). Defendant General Motors LLC filed an Opposition on November 3, 2025. (Docket No. 18; *see also* Notice of Errata (Docket No. 19)). Plaintiffs did not file a Reply.

The Motion was noticed to be heard on **November 24, 2025.** The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Defendant's removal was timely, and the jurisdictional facts are adequately pled.

### I. BACKGROUND

On January 23, 2023, Plaintiffs purchased a 2022 Chevrolet Silverado 1500 (the "Vehicle") manufactured by Defendant. (Complaint (Docket No. 1-1) ¶¶ 6, 9). In connection with the purchase, Plaintiffs received various warranties. (*Id.* ¶ 11).

Following the purchase, Plaintiffs allege that defects manifested in the Vehicle, including "engine defects." (*Id.* ¶ 12). Plaintiffs presented the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-8792-MWF (SSCx)**                              **Date:  December 22, 2025**
**Title:**      Yesica Castro et al v. General Motors, LLC

but Plaintiffs allege that Defendant failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiffs.  (*Id.* ¶¶ 13–14).

Based on the above allegations, Plaintiffs allege violations of the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code Sections 1793.2, 1791.1, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312.  (*Id.* ¶¶ 8–44).

Plaintiffs commenced this action in Los Angeles County Superior Court on April 8, 2025.  (*See generally id.*).  Defendant filed an Answer on July 3, 2025.  (Docket No. 1-2).  On September 16, 2025, Defendant removed this action on the basis of diversity jurisdiction.  (Notice of Removal ("NOR") (Docket No. 1)).

## II.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-8792-MWF (SSCx)              **Date:** December 22, 2025
**Title:**      Yesica Castro et al v. General Motors, LLC

damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). The MMWA also establishes that no such claim may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000. Moreover, "[t]here is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

## III. DISCUSSION

Plaintiffs challenge Defendant's removal both on procedural and substantive grounds. First, Plaintiffs argue that removal was untimely because the Complaint unequivocally established that the amount in controversy was over the threshold to remove to federal court. (Motion at 4-9). Then, in the next section, Plaintiffs argue that Defendant cannot establish that the amount in controversy meets the threshold requirement. (*Id.* at 9-11).

As a preliminary matter, the Court notes that these arguments are inconsistent — and not merely alternative legal arguments but incompatible representations of the record and jurisdictional facts. In the same breath, Plaintiffs assert that the amount in controversy was unequivocally clear and certain to be over $50,000, but also that the amount in controversy is fatally speculative. Indeed, after arguing for several pages that Defendant should have immediately removed because the Complaint was clear about the amount in controversy, Plaintiffs then assert that "Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's [*sic*] actual damages approach or exceed $50,000." (Motion at 9).

Quite plainly, Plaintiffs cannot have it both ways, and the arguments would seem to violate Rule 11(b)(3), for lack of evidentiary support, since the factual basis for both arguments cannot simultaneously be true. *See Letter v. Gen. Motors LLC*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-8792-MWF (SSCx)          **Date:** December 22, 2025
**Title:** Yesica Castro et al v. General Motors, LLC

CV 25-07757-HDV (MAAx), 2025 WL 3187652, at *3 (C.D. Cal. Nov. 12, 2025) ("Presenting both positions at once borders on sanctionable."). Plaintiffs' contradictory arguments are also indications of precisely the type of "gamesmanship in pleadings" that the Ninth Circuit has attempted to curb in its removal jurisprudence. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (2013) (explaining that 28 U.S.C. § 1446(b) is interpreted to "avoid a 'Catch-22' for defendants desirous of a federal forum," and that, accordingly, plaintiffs "assume the costs associated with their own indeterminate pleadings").

Nevertheless, the Court will address these arguments in turn.

A. **Timeliness of Removal**

Plaintiffs first argue that Defendant's removal was untimely because removability was ascertainable from the face of the Complaint. (Motion at 4–9). Plaintiffs argue both that the MMWA claim included in the Complaint provided a basis for removal premised on federal question jurisdiction and that the amount in controversy was clear from the face of the Complaint. (*Id.*).

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]" *Id.* at 1094.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-8792-MWF (SSCx)          **Date:** December 22, 2025

**Title:**     Yesica Castro et al v. General Motors, LLC

---

On the other hand, if no pleading or other paper served by a plaintiff triggers a 30-day deadline for removal, a defendant is permitted to remove outside of the 30-day period on the basis of its own discovered information. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Here, the Court concludes that the amount in controversy was not ascertainable from the face of the Complaint such that its filing triggered a 30-day deadline to remove the action. As an initial matter, as to Plaintiffs' federal question argument, Plaintiffs ignore that the MMWA has its own $50,000 amount in controversy requirement to remove to federal court. *See* 15 U.S.C. § 2310(d)(3)(B). Accordingly, even for the MMWA claim, Defendant need not remove until it is unequivocally clear and certain that a federal court has jurisdiction — here, via the appropriate amount in controversy. *See Dietrich*, 14 F.4th at 1091.

Plaintiffs thus make several arguments as to how the amount in controversy was unequivocally clear and certain from the face of the Complaint, despite the Complaint itself not identifying any pricing figures for the vehicle or any other monetary amounts. (*See* Motion at 6 (acknowledging no specific monetary amount in Complaint)).

First, Plaintiffs argue that Defendant itself had access to the information to determine the amount in controversy, given that the Complaint provided the make, model, year, and VIN. (*Id.* at 7). But as this Court has held in similar cases, the Ninth Circuit has explicitly rejected the notion that defendants must "make extrapolations or engage in guesswork" where a complaint does not allege any specific figures that would allow defendants to calculate the amount in controversy. *Kuxhausen*, F.3d at 1140. The Court also notes that, under the SBA, Defendant was required "to deduct the new offsets authorized by the SBA in addition to the typical mileage offset under the SBA in order to calculate the amount in controversy." *See Lopez v. General Motors, LLC*, Case No. CV 25-06549-MWF (MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025). The offset data points were not included in the Complaint and Defendant could therefore only determine an accurate estimate of actual damages after its own investigation.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-8792-MWF (SSCx)**                    **Date:  December 22, 2025**
**Title:      Yesica Castro et al v. General Motors, LLC**

      Second, Plaintiffs argue that the Civil Case Cover Sheet expressly invoked the state court's unlimited jurisdiction, thereby indicating that it was seeking damages above $35,000.  (Motion at 7–8).  Again, this argument has been considered and rejected by this Court.  *See Lopez*, 2025 WL 2629545, at *2 (collecting cases).

      Third, Plaintiffs argue that the amount in controversy was certain given that "the Complaint seeks restitution of the amounts paid by Plaintiffs and the amounts owed, as well as civil penalties and attorneys' fees."  (Motion at 8).  While this Court generally agrees that it may indeed consider civil penalties in assessing the amount in controversy for an SBA claim, *see, e.g., Guaschino v. Hyundai Motor America*, CV 23-4354-MWF (JPPx), 2023 WL 5207462, *4 (C.D. Cal. Aug. 10, 2023), Defendant could not have calculated civil penalties in this action until the actual damages were certain.  *See Chavez v. FCA US LLC*, CV 19-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."); *Covarrubias,* 2025 WL 907544, at *2 ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain.").  The Complaint similarly provides no basis from which Defendant could conclude that attorneys' fees alone would meet the amount in controversy.  *See Lopez*, 2025 WL 2629545, at *4.

      Finally, Plaintiffs appear further dissatisfied that that Defendant's NOR cites only to a "preliminary investigation," rather than any "amended pleadings" or "other paper" which provided Defendant with new information.  (Motion at 8–9).  But Defendant's investigation was proper in the face of Plaintiffs' Complaint.  As the Ninth Circuit has held: "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.  But neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own."  *Roth*, 720 F.3d at 1125.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-8792-MWF (SSCx)    Date:  December 22, 2025
Title:    Yesica Castro et al v. General Motors, LLC

Accordingly, the Complaint did not trigger the deadline for removal, and Defendant did remove within 30 days from the date that jurisdictional facts were made clear and certain following its own investigation.  (*See* NOR at 6).

### B. Speculative Amount in Controversy

Plaintiffs also argue that the alleged amount in controversy, based on the actual damages, civil penalties, and attorney's fees available under the SBA, is too speculative and therefore insufficient to establish jurisdiction.  (Motion at 9–11).

#### 1. Actual Damages

Plaintiffs contend that actual damages are speculative, asserting that Defendant does not incorporate the required statutory offsets into its actual damages calculation in the NOR.  (Motion at 9–10).  Defendant responds by providing the mileage and offset amounts that went into its calculation of actual damages.  (Opp. at 19–20).

The Court will first consider the type of attack Plaintiffs appear to be making on the jurisdictional facts alleged by Defendant, as it affects the burden of proof.

Following a defendant's removal, a plaintiff may either make a "'facial' or 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Industrial*, 980 F.3d 694, 700 (9th Cir. 2020).  "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are "insufficient on their face to invoke federal jurisdiction.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).  "A factual attack, by contrast, 'contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings," or "by making a reasoned argument as to why any assumptions on which [the jurisdictional allegations] are based are not supported by evidence." *Id.*; *Harris*, 980 F.3d at 700.

Plaintiffs do not identify whether their attack is facial or factual.  However, because Plaintiffs nowhere provide competing evidence or reasoned argument as to how Defendant's jurisdictional allegations are insufficient, the Court considers the attack a facial attack.  As in *Salter*, Plaintiffs here merely argue that Defendant "must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-8792-MWF (SSCx) | Date:  December 22, 2025 |
| Title:      Yesica Castro et al v. General Motors, LLC | |

support its assertion with competent proof," constituting a facial attack. *See* 974 F.3d at 964; (*see also* Motion at 9-10 (challenging NOR as "[c]onclusory" and "speculat[ive]")).

Consistent with *Salter*, Defendant need only to "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in response to a facial attack. *See* 974 F.3d at 965. In other words, a notice of removal does not fail because it relies on plausible allegations rather than evidence before a court, as the Supreme Court articulated in *Dart*. *See id.* Defendant thus may make reasonable assumptions to surmount the plausibility standard, as a plaintiff might in a Complaint. *Id.* Should Plaintiffs have wished to factually attack Defendant's allegations, they should have presented competing evidence or reasoned argument undermining Defendant's factual allegations.

Accordingly, Defendant's allegations in the NOR and its Opposition are sufficient to meet the plausibility standard. Defendant provided the purchase price and offset amounts it used to calculate actual damages in the NOR. (NOR at 5). Defendant slightly revises this amount further in its Opposition, explaining that it calculated the mileage offset by considering the defect alleged in the Complaint and matching the defect to the vehicle's service records, finding the date of relevant repair and the associated mileage. (Opp. at 19–20). It then used that mileage to calculate the relevant mileage offset and deducted additional amounts pursuant to any other applicable offsets. (*Id.*). This yielded an amount of $60,073.59 in actual damages. (*Id.*).

Plaintiff, on the other hand, does not present any competing evidence or reasoned argument to undermine these plausible allegations. Accordingly, Defendant has adequately alleged actual damages.

### 2. Civil Penalties

A plaintiff who establishes that a violation of the SBA was willful may recover civil penalties of up to two times the amount of actual damages. Cal. Civ. Code § 1794(c). A court may consider civil penalties in assessing the amount in controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 25-8792-MWF (SSCx) | **Date:** | **December 22, 2025** |
| **Title:** | Yesica Castro et al v. General Motors, LLC | | |

for an SBA claim where a plaintiff seeks such penalties and alleges willfulness. *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025); *see also Letter*, 2025 WL 3187652, at *4 ("Civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake — or in controversy — in the litigation." (cleaned up)).

Here, Plaintiffs seek maximum civil penalties under the SBA and allege that Defendant's conduct was willful. (Complaint ¶¶ 17, 24, 28). The sum of Defendant's estimated actual damages and the two-times civil penalty amount is $180,220.77, which exceeds the jurisdictional threshold. *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy).

Because the amount in controversy threshold is met with only actual damages plus civil penalties, the Court need not consider Plaintiffs' argument regarding the inclusion of attorneys' fees. (Motion at 11).

## IV. CONCLUSION

The Motion to Remand is **DENIED**.

IT IS SO ORDERED.